**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Edward Taylor,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | )  CIV 10-8127-PHX-JAT (MHB)<br>)<br>)  **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

　　　　Petitioner Vincent Edward Taylor, who is confined in the Arizona State Prison Complex, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents filed an Answer on September 7, 2010 (Doc. 7), and Petitioner filed a Reply on September 20, 2010 (Doc. 8).

**BACKGROUND**

　　　　On October 12, 2000, an Arizona State Grand Jury for the County of Mohave charged Petitioner with one count of molestation of a child, occurring on or between May 1, 2000 and May 31, 2000, a Class 2 felony and a violation of A.R.S. § 13-1410. (Doc. 7, Exh. A.) On June 10, 2002, Petitioner entered into an Alford[1] plea with the State to a charge of attempted kidnapping, a violation of A.R.S. § 13-1304, a Class 3 felony, and a dangerous crime against children. (Doc. 7, Exhs. B, C.) The plea agreement specified that a Class 3 felony and a dangerous crime against children was punishable by a "presumptive term of imprisonment

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970)

of 10 years, which the court may increase to 15 years or decrease to 5 years ... ." (Doc. 7, Exh. B.) On July 8, 2002, the trial court suspended the imposition of sentence and placed Petitioner on probation for a period of 5 years commencing upon the completion of a sentence Petitioner was serving in La Paz County. (Doc. 7, Exhs. D, E.) The sentencing minute entry indicates that the trial court advised Petitioner of his rights of appeal/review and that written notice of those rights were provided. (Doc. 7, Exh. D.)

On March 31, 2005, nearly 3 years later, Petitioner sought the assistance of Mohave County court personnel to resolve a dispute with the Department of Corrections. (Doc. 7, Exh. F.) The trial court informed Petitioner that there was no matter pending before it that would entitle Petitioner to a transcript of the sentencing proceedings. (Doc. 7, Exh. G.) Thereafter, Petitioner filed a notice of post-conviction relief. (Doc. 7, Exh. H.) In response to the issue raised therein, the trial court issued a minute entry clarifying the terms and conditions of probation it imposed in 2002. (Doc. 7, Exh. I.) The trial court later dismissed post-conviction proceedings when a petition was not filed. (Doc. 7, Exh. J.) Petitioner did not seek review of the court's order.

On June 8, 2007, Petitioner appeared before the court on a petition that had been filed to revoke his probation. (Doc. 7, Exh. K.) On August 24, 2007, the court ordered Petitioner's probation revoked, and imposed an 8-year, mitigated sentence for the crime of attempted kidnapping, a Class 3 felony and dangerous crime against children, and a violation of A.R.S. § 13-1304. (Doc. 7, Exh. L.)

On October 3, 2007, Petitioner filed a notice of post-conviction relief. (Doc. 7, Exh. M.) Petitioner was appointed counsel, and his appointed counsel filed an Anders Brief. (Doc. 1, at 4.) On August 6, 2008, without a request for extension filed by Petitioner, the trial court granted Petitioner a 45-day extension of time until September 19, 2008, to file a *pro per* petition for post-conviction relief. (Doc. 7, Exh. N.) On August 7, 2008, the trial court dismissed post-conviction relief proceedings after receiving Petitioner's *pro per* Motion for Credit for Time Served, which the Court construed as the *pro per* petition for post-conviction

relief, denying the relief requested therein on the merits.[2]  (Doc. 7, Exh. O.)  Petitioner did not file a motion for rehearing, as permitted by Rule 32.9(a), Ariz.R.Crim.P., or any additional pleading in the trial court dispelling the court of the notion that he had intended his motion to be treated as a petition for post-conviction.  On September 29, 2008, Petitioner filed a petition for review in the Arizona Court of Appeals.  (Doc. 7, Exh. P.)  In the petition for review, Petitioner categorized his claims as follows:

>   1. Violation of Defendant's right to a fast and speedy trial under the 6th Amendment of the United States Constitution and, under Article 2, subsection 24 of the Arizona Constitution.
>
>   2. Violation of Defendant's right to not be put twice in jeopardy under the 6th Amendment of the United States Constitution, and, under Article 2, subsection 4 and 10 of the Arizona Constitution.
>
>   3. Violation of Defendant's right to be present at all court proceedings under the 14th Amendment and under Article 2, subsections 4 and 24 of the Arizona Constitution.
>
>   4. Violation of Defendant's right to file a post-conviction relief (Rule 32) under the 14th Amendment of the United States Constitution, and, Article 2, subsections 4 and 24 of the Arizona Constitution.
>
>   5. Violation of Defendant's right to effective assistance of counsel under the 6th Amendment of the United States Constitution and, under Article 2, subsections 4 and 24 of the Arizona Constitution.
>
>   6. Violation of Defendant's right to due process of law as outlined in Arizona Rules of Criminal Procedure under the 14th Amendment of the United States Constitution and, under Article 2, subsections 4 and 24 of the Arizona Constitution.

(Doc. 7, Exh. P.)  On December 8, 2009, the Arizona Court of Appeals denied review without comment.  (Doc. 7, Exh. Q.)

On July 19, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus raising six grounds for relief.  In Ground One, he alleges violation of his Sixth and Fourteenth Amendment rights based on delays in bringing him to trial.  (Doc. 1 at 6.)  In Ground Two, he alleges violation of his Fifth Amendment double jeopardy rights.  (Doc. 1

---

[2]  Although the pleading Petitioner submitted to the trial court was not made part of the record, in his Motion for Credit for Time Served, Petitioner requested that he receive 554 days of presentence incarceration credit for time served in custody since his arrest in La Paz County.

- 3 -

1  at 7.) In Ground Three, Petitioner alleges a violation of his Fourteenth Amendment right to
2  present at all phases of the criminal proceedings. (Doc. 1 at 8.) In Ground Four, he alleges
3  violation of his Fourteenth Amendment right to file a post-conviction petition. (Doc. 1 at 9.)
4  In Ground Five, Petitioner alleges violation of his Fourteenth Amendment right to receive
5  credit for time served. (Doc. 1 at 10.) In Ground Six, he alleges violations of his Sixth and
6  Fourteenth Amendment rights to the effective assistance of counsel. (Doc. 1 at 11.)

7  Respondents filed an Answer on September 7, 2010 (Doc. 7), and Petitioner filed a
8  Reply on September 20, 2010 (Doc. 8).

## DISCUSSION

10  In their Answer, Respondents contend that the claims presented in Petitioner's habeas
11  petition are procedurally defaulted. Respondents argue that because Petitioner cannot
12  establish the requisite cause and prejudice or a fundamental miscarriage of justice, he is not
13  entitled to federal habeas review of these procedurally defaulted claims.

14  **A.     Exhaustion and Procedural Default**

15  A state prisoner must exhaust his remedies in state court before petitioning for a writ
16  of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513
17  U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To
18  properly exhaust state remedies, a petitioner must fairly present his claims to the state's
19  highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.
20  838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona
21  Court of Appeals by properly pursuing them through the state's direct appeal process or
22  through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
23  Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

24  Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
25  the exact federal claim he raises on habeas by describing the operative facts and federal legal
26  theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
27  (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
28  he urges upon the federal courts."). A claim is only "fairly presented" to the state courts

- 4 -

when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32. The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[3] and "adequate"[4] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not

---

[3] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[4] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S.

1  856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona
2  courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal
3  Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules
4  strictly applied in post-conviction proceedings).

5        The federal court will not consider the merits of a procedurally defaulted claim unless
6  a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
7  his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);
8  Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and
9  prejudice" test, a petitioner must point to some external cause that prevented him from
10 following the procedural rules of the state court and fairly presenting his claim. "A showing
11 of cause must ordinarily turn on whether the prisoner can show that some objective factor
12 external to the defense impeded [the prisoner's] efforts to comply with the State's procedural
13 rule. Thus, cause is an external impediment such as government interference or reasonable
14 unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.
15 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules
16 or other forms of general inadvertence or lack of legal training and a petitioner's mental
17 condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly
18 present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear
19 that a fundamental miscarriage of justice exists when a Constitutional violation has resulted
20 in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

21 **B.    Grounds One through Six**

22       Having reviewed that record, the Court finds that Petitioner's claims are unexhausted
23 and procedurally defaulted. As previously indicated, Petitioner filed a notice of post-
24 conviction relief on October 3, 2007. (Doc. 7, Exh. M.) The trial court dismissed post-
25 conviction relief proceedings on August 6, 2008, after receiving Petitioner's *pro per* Motion
26 for Credit for Time Served, which the Court construed as the *pro per* petition for post-
27 conviction relief, and denying the relief requested therein on the merits. (Doc. 7, Exh. O.)
28

1  On September 29, 2008, Petitioner filed a petition for review in the Arizona Court of Appeals
2  alleging six new grounds for relief. (Doc. 7, Exh. P.)

3  Presentation to the Arizona Court of Appeals for the first time is not sufficient to
4  exhaust an Arizona state prisoner's remedies. "Submitting a new claim to the state's highest
5  court in a procedural context in which its merits will not be considered absent special
6  circumstances does not constitute fair presentation." Roettgen, 33 F.3d 36, 38 (9th Cir. 1994)
7  (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). In Casey v. Moore, 386 F.3d 896 (9th
8  Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly
9  raise it on every level of direct review." Id. at 916.

10  In Arizona, review of a petition for post-conviction relief by the Arizona Court of
11  Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that
12  review is available for "issues which were decided by the trial court." Ariz.R.Crim.P.
13  32.9(c)(1)(ii). See also State v. Ramirez, 616 P.2d 924, 928 (Ariz. Ct. App. 1980) (issues
14  first presented in petition for review and not presented to trial court not subject to review).
15  In his Reply, Petitioner argues that the trial court erred in construing his Motion for Credit
16  for Time Served as a petition for post-conviction relief. Regardless of the trial court's
17  treatment of Petitioner's request for presentence incarceration credit, Petitioner failed to
18  utilize the State's procedural rules to preserve the claims for appellate review. Thus,
19  Petitioner's failure to present claims to the trial court before presenting them to the Arizona
20  Court of Appeals precludes a finding that they have been fairly presented. Moreover,
21  Petitioner would no longer have a remedy if he returned to the state court.[5] As a result, his
22  claims are procedurally defaulted. Although a procedural default may be overcome upon a
23  showing of cause and prejudice or a fundamental miscarriage of justice, see Coleman, 501
24  U.S. at 750-51, Petitioner has not established that any exception to procedural default
25  applies.

26

27  [5] The time has passed to seek post-conviction relief in state court pursuant to Rule
28  32.4(a) of the Arizona Rules of Criminal Procedure. Any attempt to return to state court to
   properly exhaust his claim would be futile.

- 9 -

1  Accordingly, Grounds One through Six set forth in Petitioner's habeas petition are
2 procedurally defaulted, and Petitioner has not established cause for his failure to raise his
3 claims in state court, actual prejudice, or demonstrated that a miscarriage of justice would
4 result if these issues are not addressed.  Thus, the Court will recommend that Petitioner's
5 Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

6  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
7 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
8 **PREJUDICE**;

9  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
10 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
11 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
12 debatable.

13  This recommendation is not an order that is immediately appealable to the Ninth
14 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
15 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
16 parties shall have fourteen days from the date of service of a copy of this recommendation
17 within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);
18 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
19 days within which to file a response to the objections.  Failure timely to file objections to the
20 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
21 and Recommendation by the district court without further review.  See United States v.
22 Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
23 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
24 to appellate review of the findings of fact in an order or judgment entered pursuant to the
25 Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

26  DATED this 2nd day of February, 2011.

27  _____
   Michelle H. Burns
28  United States Magistrate Judge