**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Edward Taylor,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV 10-8127-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner Vincent Edward Taylor's Petition for Writ of Habeas Corpus ("Petition") (Doc. 1). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied. For the reasons that follow, the Court accepts the R&R and denies the Petition.

**I.   Factual Background and Procedural History**

On October 12, 2000, Petitioner was indicted by a Grand Jury and charged with Child Molestation, a Class 2 felony under A.R.S. § 13-1410. On June 12, 2002, Petitioner entered into an *Alford*[1] plea whereby Petitioner pled guilty to Attempted Kidnapping, a Class 3 felony under A.R.S. § 13-1304. As part of the *Alford* plea, Petitioner was sentenced to five years probation commencing after Petitioner finished his then current sentence in La Paz

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea allows a defendant to plead guilty and consent to imposition of a sentence even though he may continue to proclaim his innocence. *Brownlow v. Groose*, 66 F.3d 997, 999 n.2 (1995).

County. On June 8, 2007, Petitioner appeared before the court on a petition to revoke his probation and on August 24, 2007, the court ordered Petitioner's probation revoked, and imposed an eight-year, mitigated sentence for attempted kidnapping.

Petitioner filed a notice of post-conviction relief which was dismissed by the court on August 7, 2008. On September 29, 2008, Petitioner filed a petition for review in the Arizona Court of Appeals, and on December 8, 2009, the Court of Appeals denied review without comment. Petitioner then filed the current Petition raising six grounds for relief.

> In Ground One, he alleges violation of his Sixth and Fourteenth Amendment rights based on delays in bringing him to trial. In Ground Two, he alleges violation of his Fifth Amendment double jeopardy rights. In Ground Three, Petitioner alleges violation of his Fourteenth Amendment right to be present at all phases of the criminal proceedings. In Ground Four, he alleges violation of his Fourteenth Amendment right to file a post-conviction petition. In Ground Five, Petitioner alleges violation of his Fourteenth Amendment right to receive credit for time served. In Ground Six, he alleges violations of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel.

(R&R, 3:22–4:6) (internal citations omitted). The Magistrate Judge found that Petitioner's claims were unexhausted and procedurally defaulted. (*Id.*, 8:22–23). As a result, the Magistrate Judge recommends that, under the principles of comity, this court deny the Petition without reaching the merits of Petitioner's claims. In his objections to the R&R, Petitioner claims that he is legally, factually, and actually innocent.

## II.   Legal Standard

In reviewing a R&R, the Court is not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added). If there is an objection made, then the Court must review the magistrate judge's findings and recommendations de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Petitioner does not object directly to the findings in the R&R. Instead, Petitioner claims that he is legally, factually, and actually innocent. "Actual innocence" means "factual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The distinction between

1  "legal innocence" and "actual innocence" can be shown by the following example from the
2  Tenth Circuit Court of Appeals: "[Defendant] does not claim that new evidence shows he is
3  factually innocent of shooting [the victims]. Rather, his claim boils down to asserting that he
4  is *legally* innocent because his conduct is justified or mitigated by the doctrines of self-
5  defense or heat of passion . . . ." *Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002)
6  (emphasis in original).

7        The Supreme Court has held that "a federal court may hear the merits of successive
8  claims if the failure to hear the claims would constitute a 'miscarriage of justice.'" *Sawyer*
9  *v. Whitley*, 505 U.S. 333, 339 (1992). The miscarriage of justice exception is also known as
10 the "actual innocence" exception. *Id.* The Supreme Court explained that "the actual
11 innocence exception also apples to procedurally defaulted claims." *Id.* There are two types
12 of actual innocence claims that a petitioner might bring—procedural and substantive. The
13 Supreme Court explained the distinction between these two types of innocence claims in
14 *Schlup v. Delo*, 513 U.S. 298 (1995). The Court stated that "it is important to explain the
15 difference between Schlup's claim of actual innocence and the claim of actual innocence
16 asserted in *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)."
17 *Schlup*, 513 U.S. at 313–14.

18       The claim brought in *Herrera* was that the execution of an innocent person would
19 violate the Eighth Amendment, "even if the proceedings that had resulted in his conviction
20 and sentence were entirely fair and error free." *Id.* Schlup's claim of innocence, on the other
21 hand, was "procedural, rather than substantive." *Id.* at 314. Schlup's claims were not "based
22 on his innocence, but rather on his contention that the ineffectiveness of his counsel . . . and
23 the withholding of evidence by the prosecution . . . denied him the full panoply of protections
24 afforded to criminal defendants by the constitution." *Id.* "Schlup's claim of innocence is thus
25 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner
26 must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.*
27 at 315.

28       The Supreme Court went on to explain that because of the type of claim brought by

1 Schlup—that his conviction was the result of constitutional violations, and not the result of
2 an error free trial—"his evidence of innocence need carry less of a burden." *Id.* at 316. "The
3 evidence must establish sufficient doubt about his guilt to justify the conclusion that his
4 execution would be a miscarriage of justice *unless* his conviction was the product of a fair
5 trial." *Id.* (emphasis in original). The Court then discussed the difference between two
6 competing standards. The Supreme Court gave the first standard in *Murray v. Carrier*, 477
7 U.S. 478 (1986). This standard required the petitioner to show that "the constitutional error
8 'probably' resulted in the conviction of one who was actually innocent.'" *Schlup*, 513 U.S.
9 at 322. The second was a higher standard given in *Sawyer v. Whitley*, which required the
10 petitioner to show "by clear and convincing evidence" that no reasonable juror would have
11 found the petitioner guilty. *Schlup*, 513 U.S. at 323. The Supreme Court held that the *Carrier*
12 "probably" standard was the appropriate standard "when the claimed injustice is that
13 constitutional error has resulted in the conviction of one who is actually innocent of the
14 crime." *Id.* at 324.

15 In order for the petitioner to meet the *Carrier* "actual innocence" burden of proof, he
16 must show a constitutional violation has "probably" resulted in his conviction. *Id.* at 327.
17 Therefore, "the petitioner must show that it is more likely than not that no reasonable juror
18 would have convicted him in light of the new evidence." *Id.* This standard requires more than
19 a showing of prejudice, but is less than *Sawyer*'s standard of "clear and convincing
20 evidence." *Id.* However, the analysis must always "incorporate the understanding that proof
21 beyond a reasonable doubt marks the legal boundary between guilt and innocence." *Id.* at
22 328. The court is able to consider *all* evidence and is not bound "by the rules of admissibility
23 that would govern at trial." *Id.* at 327–328.

24 **III.    Analysis**

25 Petitioner's objections are divided into three sections: (1) Legal Innocence, (2) Factual
26 Innocence, and (3) Actual Innocence. The Court will consider the evidence provided under
27 Petitioner's claim for "Legal Innocence" because the Court is to consider all available
28 evidence in determining Petitioner's claim of actual innocence. Petitioner claims that he is

- 4 -

1  legally innocent of the crime of attempted kidnapping because "the state prosecutor stated
2  to the court that there were problems with their case . . . and that he could not convict the
3  petitioner as charged by the indictment." (Doc. 11, 2). However, the indictment to which
4  petitioner refers was a charge of child molestation, not attempted kidnapping. (Doc. 12, 3).
5  There was no indictment for the charge of attempted kidnapping. Petitioner stipulated to a
6  guilty plea under *Alford* in exchange for having the indictment dismissed. (*Id.*, 5–6). Even
7  if Petitioner were referring to the attempted kidnapping plea when he referred to the charge
8  in the indictment, there is no new evidence that Petitioner has brought forward that makes
9  it more likely than not that no reasonable juror would have convicted him.

10  Petitioner has likewise provided no new evidence in his claims for "Factual
11  Innocence" and "Actual Innocence." Petitioner claims that "[t]here are no supporting facts
12  to support the crime of attempted kidnap [sic] and, an Alford plea does not allow the state
13  to charge a person of a crime where no facts can support that crime." (Doc. 11, 3). However,
14  as part of the *Alford* plea, the court found that there was "factual basis for the plea." (Doc.
15  7, Ex. C, 2) *See Brownlow*, 66 F.3d at 999 n.2 (when there is an *Alford* plea, "the court
16  accepting the plea must determine that there is 'strong evidence of actual guilt.'"). Petitioner
17  has not provided any new evidence that would cast a doubt on the finding made by the court
18  pursuant to the *Alford* plea. Therefore, Petitioner has not met the burden of showing that his
19  conviction was "probably" based on a constitutional error.

20  As indicated above, the Magistrate Judge concluded that Petitioner's claims were not
21  exhausted in state court and procedurally defaulted. Petitioner attempted to overcome this
22  conclusion by arguing actual, legal, or factual innocence as an exception to the exhaustion
23  requirement. Thus, Petitioner had to meet his burden of proving one of his theories of
24  innocence before the Court could consider the merits of his claims. Because Petitioner failed
25  to meet this burden, the Court finds that Petitioner has not shown an exception to overcome
26  his procedural default of his claims.

27  Based on the foregoing, the Court will accept the recommendation of the R&R that
28  the Court find Petitioner's claims defaulted. Thus, the Court will not consider the merits of

1  those claims and will deny the Petition.

2  Accordingly,

3  **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 10)
4  is **ACCEPTED and ADOPTED**;

5  The Objections to the Report and Recommendation (Doc. 11) are **OVERRULED** and
6  the Clerk of the Court shall enter judgment accordingly.

7  DATED this 13th day of April, 2011.

*(signature)*
James A. Teilborg
United States District Judge